IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT | ) ) ) | |
| 888 17th Street, N.W., Suite 810 Washington, D.C. 20006 | ) ) | Civil Action No. 1:25-cv-17 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | ) ) ) ) | |
| 1200 Pennsylvania Ave., N.W. Washington, D.C. 20460 | ) ) | |
| *Defendant.* | | |

_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     Plaintiff, the Environmental Integrity Project (EIP), seeks declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. 552, by Defendant, the U.S. Environmental Protection Agency (EPA), for improperly withholding non-exempt agency records.

2.     On September 28, 2023, and February 20, 2024, EIP submitted FOIA requests to EPA, seeking records pertaining to EPA's proposed rule to update Clean Water Act effluent limitation guidelines and set pretreatment standards for the Meat and Poultry Products point source category ("Proposed MPP Rule"). *See Clean Water Act Effluent Limitations Guidelines and Standards for the Meat and Poultry Products Point Source Category*, 89 Fed. Reg. 4474 (Jan. 23, 2024). Given EIP's advocacy for and participation in the rulemaking at issue, EIP sought to better understand EPA's proposed decision by requesting records related to the Proposed MPP Rule.

3. EPA is improperly withholding agency records responsive to EIP's FOIA requests, based on unsubstantiated claims that the records are exempt from disclosure as confidential business information.

4. EPA's failure to comply with its duties under FOIA to release non-exempt documents has harmed and will continue to harm EIP by impairing EIP's ability to better understand the proposed MPP Rule.

## JURISDICTION AND VENUE

5. This action arises under FOIA's citizen suit provision. 5 U.S.C. 552(a)(4)(B).

6. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. 1331.

7. Venue is proper in this district under 5 U.S.C. 552(a)(4)(B).

## PARTIES

8. EIP is a national nonprofit organization existing and organized under the laws of the District of Columbia. EIP is dedicated to advocating for more effective enforcement of environmental laws. EIP has three primary goals: (1) to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and harms public health; (2) to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and (3) to help local communities obtain the protection of environmental laws. Consistent with these goals, EIP submits FOIA requests from time to time for records that underly or otherwise relate to EPA rulemakings under the Clean Water Act so that EIP may submit robust technical and legal comments on EPA's proposals.

9. EIP advocates for laws to protect public health and the environment from air and water pollution from slaughterhouses and other large sources of pollution. As part of its efforts to

ensure effective enforcement of environmental laws, EIP participates in federal and state rulemakings related to water pollution from the slaughterhouse industry and brings lawsuits to enforce the Clean Water Act on behalf of community and environmental groups that are harmed by slaughterhouse and other industrial pollution. In addition, EIP uses public data obtained through FOIA requests to develop reports, media materials, and litigation briefs that educate the public and decisionmakers, and achieve its objectives. EIP also disseminates information through its website, www.environmentalintegrity.org. Consistent with its mission, EIP submits FOIA requests from time to time for records regarding EPA agency matters, such as compliance assurance, enforcement, and EPA rulemaking and policy.

10.    EIP brings this action on its own behalf. EIP has been and continues to be injured by EPA's failure to provide requested records within the timeframes mandated by FOIA. The requested relief will redress these injuries.

11.    Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. 522(f)(1), and has possession or control of the records EIP seeks in this action and the statutory duty not to withhold the records improperly. EPA is responsible for protecting human health and the environment and is headquartered at 1200 Pennsylvania Avenue NW, Washington, D.C. 20460.

## LEGAL BACKGROUND

12.    FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies, 5 U.S.C. 552(a)(3)(A), (b), or if "disclosure is prohibited by law." 5 U.S.C. 552(a)(8)(A).

13.    These nine FOIA exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each record for which it is claimed. 5 U.S.C. 552(a)(4)(B); *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151(1989)

("Consistent with the Act's goal of broad disclosure, these exemptions have been consistently given a narrow compass.").

14.     Upon receiving a FOIA request, an agency "shall determine within 20 [working] days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. 552(a)(6)(A)(i); 40 C.F.R. 2.104(a)(1). An agency may delay an initial determination by ten working days, with written notice, only if the agency can demonstrate that it faces "unusual circumstances." 5 U.S.C. 552(a)(6)(B); 40 C.F.R. 2.104(a)(3). The written notice must include "the date on which a determination is expected to be dispatched," 5 U.S.C. 552(a)(6)(B)(i), which may not exceed ten additional working days, except as provided under 5 U.S.C. 552(a)(6)(B)(ii). 5 U.S.C. 552(a)(6)(B)(i).

15.     In this case, EPA has invoked Exemption 4, which applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential," or what is commonly referred to as confidential business information ("CBI") 5 U.S.C. 552 (b)(4).

16.     The D.C. Circuit defines a "trade secret" for purposes of Exemption 4 as any "secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 704 F.2d 1280, 1288 (D.C. Cir. 1983).

17.     Under the "commercial or financial information" prong of Exemption 4, materials may be withheld only if the information is "(1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential." *Id.* at 1290. Information is considered "confidential" where at it "is both customarily and actually treated as private by its owner and provided to the government

under an assurance of privacy[.]" *Food Marketing Institute v. Argus Leader Media*, 588 U.S. 427, 440 (2019).

18.     Whenever an agency determines that a portion of a record should be withheld under one of FOIA's exemptions, the agency must still release any portions of that record that contain "reasonably segregable" non-exempt information. 5 U.S.C. 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.").

19.     FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

### *EIP's First Request: FOIA 2023-OW-06944*

20.     On September 28, 20223, EIP submitted FOIA request 2023-OW-06944 to EPA through *FOIAonline* at FOIA.gov. *See* Exhibit 1 ("First Request").

21.     EIP's First Request sought all responses to EPA's 2022 Information Collection Request ("ICR") survey and documents identifying all entities to which EPA sent the ICR survey. *Id.* EPA distributed the ICR survey to owners and operators of the Meat and Poultry Products Point Source Category to collect data to develop the MPP Rule. The ICR survey is comprised of a Census Questionnaire and a Detailed Questionnaire. This request included an offer to clarify and/or limit the scope of EIP's First Request.

22.     The Clean Water Act states that effluent data "shall be available to the public," 33 U.S.C. 1318(b), and EPA's federal regulations further state that "effluent data or a standard or limitation is not eligible for confidential treatment." 40 CFR 2.302(e).

23.     EPA confirmed that it received the First Request on September 28, 2023, and assigned it FOIA Tracking Number EPA-2023-006944.[1]

24.     On November 3, 2023, EIP emailed EPA's National FOIA Office "requesting a status update on FOIA Request 006392." EIP noted that "[u]nder 5 USC § 552(a)(6)(A)(ii), a response to this request was due on October 27, 2023[.]" EPA Senior Advisor for FOIA Lynn Zipf replied by email that "[d]ue to the transition from FOIAonline to FOIAXpress," she only became aware of EIP's September 28, 2023 FOIA request on November 3, 2023. Zipf said she had "sent the request to the program office with the responsive files" and "[o]nce the program has a chance to review the request, we may want to set up a meeting to discuss the request with you."

25.     On November 7, 2023, EIP contacted Zipf to inquire as to "the date by which EPA expects to complete the review and provide access to the files, as per 5 USC § 552(a)(6)(B)(i)" and whether "EPA plan[ned] to issue an unusual circumstances letter for this request[.]" EIP invited EPA to let EIP know "[i]f a meeting would be helpful to discuss the request[.]" Lynn Zipf emailed EIP that "EPA would like to set up a meeting to discuss FOIA 2023-OW-06944."

26.     On November 13, 2023, EIP met with EPA to discuss FOIA 2023-OW-06944. EPA's Office of Water provided an overview of its practices relating to "CBI deducibility," by which EPA withholds public, non-CBI information that EPA believes could be used to back-calculate – or deduce – information that *is* subject to CBI claims. EPA also indicated that it could

---

[1] Per Local Rule 5.1(e), EIP does not appended the referenced document or others to this Complaint that are not essential to determination of this action.

provide EIP with recipient list for the July 2022 MPP Questionnaire that EIP asked for in the First Request. EIP asked that EPA provide documents that identify the facilities that belong to the Meat and Poultry Products industry, based on information available to EPA before and after the questionnaire. EIP also asked that EPA provide a machine-readable database with the information in EIP's First Request.

27.    On November 28, 2023, representatives for EIP again met with EPA to discuss FOIA 2023-OW-06944. EIP requested that EPA respond to EIP's FOIA 2023-OW-06944 with the Questionnaire responses in a machine-readable format.

28.    On November 30, 2023, EIP sent a chart by email to Lynn Zipf and other EPA representatives, identifying a narrowed list of ICR responses consisting of public records and data that are not CBI, which EIP sought immediately from EPA under FOIA 2023-OW-06944.

29.    On December 8, 2023, Lynn Zipf informed EIP by email that "[i]t is our goal to provide EIP with a CBI-sanitized, machine-readable database by December 13, 2023."

30.    On December 15, EIP received an interim response from EPA for FOIA 2023-OW-06944, dated December 11, 2023. *See* Exhibit 2. The response stated that "EPA has released all non-CBI and non-CBI deducible data" but specifies that "this is an interim response" and "your request is not being closed at this time. When your request is closed, you will receive information concerning your appeal rights for any part of EPA's response." *Id.* Provided with the interim response, EIP received a "CBI-sanitized, machine-readable database" from EPA, consisting of ICR responses with broad redactions, including a significant number of redacted facility names. EIP also received a list of recipients of the MPP questionnaire.

31.    On January 10, 2024, EIP emailed Lynn Zipf about EPA's interim response, expressing appreciation for "EPA's efforts to prepare the ICR dataset in order to provide it to use

sooner than later." EIP inquired about whether the dataset associated with EPA's forthcoming proposed MPP rule would include fewer redactions than the dataset EIP received under FOIA 2023-OW-06944. EPA did not respond to EIP's question.

32.     On January 24, 2024, EPA sent a revised dataset to EIP, with several corrections to address data issues that EIP had identified. Other than these corrections, EPA did not provide any additional information in response to EIP's First Request.

33.     On February 23, 2024, EIP notified Lynn Zipf and other EPA representatives by email that EIP does "not agree that the files provided by EPA under the interim response . . . are sufficient" and that "EPA is withholding information that should be produced under FOIA." EIP "request[ed] that EPA promptly issue a final response to . . . FOIA request 2023-OW-06944."

34.     EIP met with representatives from EPA on March 4, 2024. EIP again agreed to narrow the scope of its First Request, as indicated in a file sent by EIP to EPA that same day. EPA added a column to that file, in a version sent to EIP on May 6, 2024, indicating "whether or not the information requested is typically found in ECHO (Enforcement Compliance History Online)." ECHO is EPA's public website that provides compliance information about regulated facilities. The publicly accessible, facility-specific information on ECHO includes, among other things, facility identification numbers, permit numbers, facility location, industry, and enforcement and compliance activity. U.S. EPA, *Enforcement and Compliance History Online*, "ECHO Quick Start Guide," available at https://echo.epa.gov/resources/general-info/learn-more-about-echo (last visited on Jan. 3, 2025).

35.     The rulemaking docket for the MPP Proposed Rule includes a memo dated March 21, 2024, in which EPA responds to requests for information from other organizations about data

in that docket. EPA sent this memo to EIP on March 21, 2024, but did not state that it was providing the memo in response to EIP's First Request.

36.    On May 6, 2024, EPA provided a zip file to EIP containing non-CBI claimed responses to question number 61 of EPA's detailed questionnaire in the ICR survey. EPA did not provide any additional information to EIP, including any information available on EPA's public ECHO database, in response to EIP's First Request.

37.    EIP once again met with EPA representatives on June 3, 2024 to discuss EIP's narrowed First Request, including further discussion of CBI claims and EPA's CBI deducibility processes.

38.    Lynn Zipf contacted EIP about EIP's First Request on June 24, 2024. Lynn Zipf communicated that "[t]he next step for FOIA 2023-OW-06944 is to close out the current case and initiate the proprietary business information (PBI) process for the narrowed scope of 18 questions. Once the PBI process is initiated, EPA's General Law Office will provide an estimated time frame for the PBI process based on the number of affected entities and number of records claimed as proprietary business information." EPA uses the terms PBI and CBI interchangeably to refer to information subject to FOIA Exemption 4. EIP responded on July 16, 2024 to inform EPA that EIP would not withdraw its First Request.

39.    As of January 3, 2025, EIP has not received any communication from EPA's Office of General Counsel regarding the PBI process for EIP's First Request.

40.    EPA issued a determination for EIP's First Request of "partial grant/partial denial" in a final response letter dated July 29, 2024 ("First Request Final Response"). Exhibit 3. EPA's First Request Final Response "concludes" EPA's response to EIP's First Request. *Id.* EPA's First Request Final Response states:

The Agency has concluded its search for records responsive to your request and is providing a portion of the requested records. The records that have been released are the non-CBI deducible portions of the Meat and Poultry Products census and detailed questionnaires. Records are being withheld pursuant to 552(b)(4), Confidential Business Information. EPA has considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

*Id.*

41.    EPA did not provide any additional information to EIP, including any information available on EPA's public ECHO database, with the First Request Final Response. As of January 3, 2025, EIP has not received any documents from EPA in response to EIP's First Request, except for the December 15, 2023 interim response, the January 24, 2024 revised dataset, and the May 6, 2024 zip file.

42.    EPA has not provided adequate justification to EIP for the withholding of responsive records or released reasonably segregable non-exempt portions of the records.

43.    EPA's First Request Final Response informs EIP that "information withheld under [FOIA] Exemption 4 will be reviewed by the appropriate legal office, which will issue a final confidentiality determination" and that EIP "do[es] not need to appeal the withholding of information under Exemption 4." *Id.*

44.    EPA's First Request Final Response informs EIP that "[o]nce the legal office issues a final confidentiality determination, EPA will notify [EIP] whether the information qualifies for confidential treatment or may be released." *Id.*

45.    As of January 3, 2025, EIP has not received any communications from EPA about whether the information EPA withheld under EIP's First Request qualifies for confidential treatment or may be released.

*EIP's Second Request: FOIA 2024-EPA-02192.*

46.    On February 20, 2024, EIP submitted a second FOIA request to EPA through the Public Access Portal at foiapublicaccessportal.epa.gov. *See* Exhibit 4 ("Second Request").

47.    EIP's Second Request pertained to records which EPA identified as supporting materials in the MPP Rule rulemaking docket, EPA-HQ-OW-2021-0736. *See id*. EIP requested ten documents, identified by their title, Document Control Number ("DCN"), and document identification number in the MPP Rule rulemaking docket.

48.    EIP's Second Request included an offer to clarify and/or limit the scope of EIP's Second Request. *See id.*

49.    EPA confirmed that it received EIP's Second Request on February 20, 2024, and assigned it FOIA Tracking Number 2024-EPA-02192.

50.    The records in EIP's Second Request are part of EPA's rulemaking docket for MPP proposed rule. *See* Docket ID EPA-HQ-OW-2021-0736 (Docket Documents), https://www.regulations.gov/docket/EPA-HQ-OW-2021-0736 (last visited Jan. 3, 2025).

51.    Prior to the Second Request, EIP informally requested the same ten MPP rulemaking docket records from Steve Whitlock, EPA Office of Water's Environmental Engineer assigned to the MPP Rulemaking, on February 9, 2024, February 12, 2024, and February 16, 2024. EIP informed Whitlock that the "records are necessary for meaningful public participation in this rulemaking[.]" Whitlock responded by email on February 16, 2024, that "we believe we would be risking revealing CBI if we made any of these data files publicly available." EIP responded by email to inform Whitlock that EIP submitted the Second Request, and that EIP does not agree that the withheld information constitutes CBI.

52.    EPA did not issue an interim response to EIP's Second Request.

53.    Zipf contacted EIP about EIP's First and Second Requests in an email on June 24, 2024. Zipf requested that EIP "consider withdrawing" the Second Request or narrow it "to exclude information also at issue in" EIP's First Request. Zipf's reasoning is that EIP's First and Second Requests are "based on the same underlying data." EIP responded that EIP "will not be withdrawing" either request and "will not be narrowing" its Second Request, because EIP believes its First and Second requests "are not duplicative[.]"

54.    EPA issued a determination for EIP's Second Request of "partial grant/partial denial" in a final response letter dated July 29, 2024 ("Second Request Final Response"). Exhibit 5. EPA's Second Request Final Response "concludes" EPA's response to EIP's Second Request. *Id.* EPA's Second Request Final Response states:

> The Agency has concluded its search for records responsive to your request and is providing a portion of the requested records. ***See responsive documents released for FOIA 2023-OW-06944***. The records that have been released are the non-CBI deducible portions of the Meat and Poultry Products census and detailed questionnaires. Records are being withheld pursuant to 552(b)(4), Confidential Business Information. EPA has considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

*Id.* (emphasis added).

55.    EPA did not provide any records under EIP's Second Request beyond the records produced under EIP's First Request.

56.    EPA's Second Request Final Response informs EIP that "information withheld under [FOIA] Exemption 4 will be reviewed by the appropriate legal office, which will issue a final confidentiality determination" and that EIP "do[es] not need to appeal the withholding of information under Exemption 4." *Id.*

57.    EPA's Second Request Final Response informs EIP that "[o]nce the legal office issues a final confidentiality determination, EPA will notify [EIP] whether the information qualifies for confidential treatment or may be released." *Id.*

58.    As of January 3, 2025**,** EIP has not received any communications from EPA about whether the information EPA withheld under EIP's Second Request qualifies for confidential treatment or may be released.

## CLAIMS FOR RELIEF

### *Count 1: Agency Records Improperly Withheld in Response to EIP's First Request.*

59.    EIP realleges and incorporates by reference all preceding paragraphs.

60.    By improperly withholding records responsive to EIP's First Request, FOIA 2023-OW-06944, submitted September 28, 2023, EPA has violated FOIA's mandate to release agency records to the public. *See* 5 U.S.C. 552(a)(3)(A), (a)(6).

61.    EPA's failure to promptly produce non-exempt responsive records constitutes "agency records improperly withheld from the complainant." 5 U.S.C. 552(a)(4)(C).

62.    EPA's improper withholding of the records requested by EIP in the First Request has harmed and will continue to harm EIPs until EPA complies with FOIA.

63.    EIP shall be deemed to have exhausted the applicable administrative remedies with respect to EIP's First Request, because EPA has not complied with the applicable time limit provisions under FOIA. 5 U.S.C. 552(a)(6)(C)(i).

### *Count 2: Agency Records Improperly Withheld in Response to EIP's Second Request.*

64.    EIP realleges and incorporates by reference all preceding paragraphs.

65.    By improperly withholding records responsive to EIP's Second Request, FOIA 2024-EPA-02192, submitted February 20, 2024, EPA has violated FOIA's mandate to release agency records to the public. *See* 5 U.S.C. 552(a)(3)(A), (a)(6).

66.    EPA's failure to promptly produce non-exempt responsive records constitutes "agency records improperly withheld from the complainant." 5 U.S.C. 552(a)(4)(C).

67.    EPA's improper withholding of the records requested by EIP in the Second Request has harmed and will continue to harm EIPs until EPA complies with FOIA.

68.    EIP shall be deemed to have exhausted the applicable administrative remedies with respect to EIP's Second Request, because EPA has not complied with the applicable time limit provisions under FOIA. 5 U.S.C. 552(a)(6)(C)(i).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, EIP respectfully requests that this Court:

A.    Declare that Defendant EPA has violated FOIA by failing to provide all records responsive to EIP's FOIA requests;

B.    Order Defendant EPA to make all requested records available to EIP promptly and at no cost to EIP;

C.    Award EIP's litigation costs and reasonable attorneys' fees in this action;

D.    Retain jurisdiction to ensure compliance with the Court's decree; and

E.    Grant such other relief as the Court deems just and proper.

DATED: January 3, 2025                    Respectfully submitted,

/s/ Sarah Kula
Sarah Kula, DC Bar No. 1720116
David Bookbinder, DC Bar No. 455525
Environmental Integrity Project

14

888 17th St. NW, Suite 810
Washington, DC 20006
skula@environmentalintegrity.org
dbookbinder@environmentalintegrity.org
Phone: (202) 599-9786

*Counsel for Plaintiff*