UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL INTEGRITY
PROJECT,

      Plaintiff,

  v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

      Defendant.

Civil Action No. 25-0017 (DLF)

## **ANSWER**

Defendant, United States Environmental Protection Agency ("EPA" or "Defendant") by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint, in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action. *See* ECF No. 1.

Defendant responds to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs as follows:

1.      Paragraph 1 consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA.

2.      Defendant admits that Plaintiff submitted FOIA requests to EPA on September 28, 2023, and February 20, 2024. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the final sentence of this paragraph. The remainder of Paragraph 2 consists of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents.

3.      Paragraph 3 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

4.      Paragraph 4 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE[1]

5.      Paragraph 5 consists of conclusion of law to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action pursuant to the FOIA.

---

[1]     Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6. Paragraph 6 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of the FOIA.

7. Paragraph 7 consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District.

**PARTIES**

8–9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs.

10. Paragraph 10 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph. Defendant further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

11. Defendant admits that it is a federal agency subject to FOIA, denies improperly withholding records, admits that its mission is to "protect human health and the environment," and admits that its headquarters address is 1200 Pennsylvania Avenue NW, Washington, DC 20460. The remainder of Paragraph 11 consists of legal conclusions to which no response is required.

**LEGAL BACKGROUND**

12. Paragraph 12 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant avers that the cited statute is the best evidence of its contents and respectfully refers this Court to that statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

13. Paragraph 13 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant avers that the cited statute and cited case are the best evidence of their contents and respectfully refer this Court to that statute and case for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

14. Paragraph 14 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant avers that the cited statute is the best evidence of its contents and respectfully refers this Court to that statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

15. Defendant admits that it initially withheld some records responsive to Plaintiff's FOIA requests under Exemption 4 of the FOIA, pending a determination by EPA's legal office. The remainder of Paragraph 15 consists of Plaintiff's characterization of a statute to which no response is required. To the extent a response is deemed required, Defendant avers that the cited statute is the best evidence of its contents and respectfully refers this Court to that statute for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

16. Paragraph 16 consists of Plaintiff's characterization of a case to which no response is required. To the extent a response is deemed required, Defendant avers that the cited case is the best evidence of its contents and respectfully refers this Court to that case for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

17. Paragraph 17 consists of Plaintiff's characterization of two cases to which no response is required. To the extent a response is deemed required, Defendant avers that the cited cases are the best evidence of their contents and respectfully refers this Court to those case for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

18–19. Paragraphs 18 and 19 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to 5 U.S.C. § 552 for a true and complete statement of its duties under FOIA and denies any allegations inconsistent therewith.

## FACTUAL BACKGROUND

### *EIP's First Request: FOIA 2023-OW-06944*

20. Defendant admits that Plaintiff submitted FOIA request 2023-OW-06944 on September 28, 2023, which is attached to the Complaint as Exhibit 1.

21. Paragraph 21 consists of Plaintiff's characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

22. Paragraph 22 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant avers that the cited statute and regulation are the best evidence of their contents and respectfully refers this Court to that statute and regulation for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

23. Defendant admits that it acknowledged receipt of Plaintiff's FOIA request and assigned it tracking number EPA-2023-006944 on September 28, 2023.

24. Defendant admits that Plaintiff sent an email to the EPA National FOIA Office requesting an update on the processing of its FOIA request on November 3, 2023, and that an employee in the EPA Office of Water responded to the email that same day. The remainder of Paragraph 24 paragraph consists of Plaintiff's characterization of those emails, to which no response is required. To the extent a response is deemed required, Defendant avers that those emails are the best evidence of their contents and respectfully refers this Court to those emails for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

25. Defendant admits that Plaintiff sent an email to employees in the EPA Office of Water on November 7, 2023, and that an employee in the EPA Office of Water responded to the email that same day. The remainder of Paragraph 25 consists of Plaintiff's characterization of those emails, to which no response is required. To the extent a response is deemed required, Defendant avers that those emails are the best evidence of their contents and respectfully refers this Court to those emails for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

26–27. Defendant admits the allegations contained in Paragraphs 26 and 27.

28. Defendant admits that Plaintiff sent an email to employees in the EPA Office of Water on November 30, 2023. The remainder of Paragraph 28 consists of Plaintiff's characterization of that email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers

this Court to that email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

29. Defendant admits that an employee in the EPA Office of Water sent an email to Plaintiff on December 8, 2023. The remainder of Paragraph 29 consists of Plaintiff's characterization of an email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers this Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

30. Defendant admits that the EPA Office of Water sent Plaintiff an interim response to its FOIA request on December 15, 2023, which is attached to the Complaint as Exhibit 2. The remainder of Paragraph 30 consists of Plaintiff's characterization of that response, to which no response is required. To the extent a response is deemed required, Defendant avers that EPA's response is the best evidence of its contents and respectfully refers this Court to the response for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

31. Defendant admits that Plaintiff sent an email to employees in the EPA Office of Water on January 10, 2024. The remainder of Paragraph 31 consists of Plaintiff's characterization of an email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers this Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

32. Defendant admits that the EPA Office of Water sent an email to Plaintiff answering questions included in the January 10 email and provided Plaintiff an updated interim response on

January 24, 2024. The remainder of Paragraph 32 consists of Plaintiff's characterization of an email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers this Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

33. Defendant admits that Plaintiff sent an email to employees in the EPA Office of Water on February 23, 2024. The remainder of Paragraph 33 consists of Plaintiff's characterization of an email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers this Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

34. Defendant admits employees in the EPA Office of Water met with Plaintiff on March 4, 2024. Defendant admits that Plaintiff sent an email to employees in the EPA Office of Water that same day narrowing its request again. Defendant admits that an employee in the EPA Office of Water sent an email to Plaintiff on May 6, 2024, providing additional information about the public availability of some of the information requested by Plaintiff.

35. Defendant admits that it sent a memo to Plaintiff on March 21, 2024. The remainder of Paragraph 35 consists of Plaintiff's characterization of that memo, to which no response is required. To the extent a response is deemed required, Defendant avers that the memo is the best evidence of its contents and respectfully refers this Court to the memo for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

36. Defendant admits that an employee in the EPA Office of Water sent an email to Plaintiff on May 6, 2024. The remainder of Paragraph 36 consists of Plaintiff's characterization of the email, to which no response is required. To the extent a response is deemed required, Defendant avers that the email is the best evidence of its contents and respectfully refers this Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

37. Defendant admits the allegations contained in Paragraph 37.

38. Defendant admits that an employee in the EPA Office of Water sent an email on to Plaintiff on June 24, 2024, explaining that EPA's Office of General Counsel will determine whether information claimed as confidential business information is eligible for protection from disclosure under the FOIA and requesting that Plaintiff consider withdrawing or narrowing another of its FOIA requests, 2024-EPA-02192, because it is based on the same underlying data. Defendant admits that Plaintiff responded on July 16, 2024, declining to withdraw or narrow request 2024-EPA-02192. The remainder of Paragraph 38 consists of Plaintiff's characterization of those emails, to which no response is required. To the extent a response is deemed required, Defendant avers that those emails are the best evidence of their contents and respectfully refers this Court to the emails for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

39. Defendant admits that the EPA Office of General Counsel has not further communicated with Plaintiff regarding the proprietary business information determination process for Plaintiff's FOIA request but avers that the Agency has been working diligently to complete the proprietary business information determination process.

40. Defendant admits that it issued a final determination on July 29, 2024. Defendant respectfully refers the Court to the July 29 final determination letter, attached as Exhibit 3, for a true and complete statement of its content and denies any allegations inconsistent therewith. The remainder of Paragraph 40 consists of Plaintiff's characterization of that determination, to which no response is required. To the extent a response is deemed required, Defendant avers that the determination is the best evidence of its contents and respectfully refers this Court to the determination for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

41. Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 consists of Plaintiff's characterization of communications from EPA, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 42.

43–44. Defendant admits that it issued a final determination on July 29, 2024. The remainder of Paragraphs 43 and 44 consists of Plaintiff's characterization of that final determination, to which no response is required. To the extent a response is deemed required, Defendant avers that the final determination is the best evidence of its contents and respectfully refers this Court to the final determination for a complete and accurate statement of its contents. Defendant denies all allegations in these paragraphs to the extent they are inconsistent therewith.

45. Defendant admits that it has not provided a final determination about the information initially withheld as confidential business information.

*EIP's Second Request: FOIA 2024-EPA-02192*

46. Defendant admits that Plaintiff submitted FOIA request 2024-EPA-02192 on February 20, 2024, which is attached to the Complaint as Exhibit 4.

47. Paragraph 47 consists of Plaintiff's characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

48. Paragraph 48 consists of Plaintiff's characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

49. Defendant admits that it acknowledged receipt of Plaintiff's FOIA request and assigned it tracking number 2024-EPA-02192 on February 20, 2024.

50. Paragraph 50 consists of Plaintiff's characterization of its FOIA request to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

51. Defendant admits that Plaintiff requested the same records from an employee in the EPA Office of Water multiple times in February 2024 by email before it sought the records under the FOIA. The remainder of Paragraph 51 consists of Plaintiff's characterization of its emails to which no response is required. To the extent a response is deemed required, Defendant avers that Plaintiff's emails are the best evidence of their contents and respectfully refers this Court to those

emails for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

52. Defendant admits that it did not issue an interim response to Plaintiff's FOIA request.

53. Defendant admits that an employee in the EPA Office of Water sent an email on to Plaintiff on June 24, 2024, explaining that EPA's Office of General Counsel will determine whether information claimed as confidential business information is eligible for protection from disclosure under the FOIA and requesting that Plaintiff consider withdrawing or narrowing its FOIA request because it is based on the same underlying data as Plaintiff's other FOIA request, 2023-OW-06944. Defendant admits that Plaintiff responded on July 16, 2024, declining to withdraw or narrow its FOIA request. The remainder of Paragraph 53 consists of Plaintiff's characterization of those emails, to which no response is required. To the extent a response is deemed required, Defendant avers that those emails are the best evidence of their contents and respectfully refers this Court to the emails for a complete and accurate statement of their contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

54. Defendant admits that it issued a final determination on July 29, 2024. The remainder of Paragraph 54 consists of Plaintiff's characterization of that final determination, to which no response is required. To the extent a response is deemed required, Defendant avers that the final determination is the best evidence of its contents and respectfully refers this Court to the final determination for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

55. Defendant admits that it has not provided additional records in response to Plaintiff's FOIA request beyond those referenced in the final determination letter and released under 2023-OW-06944.

56–57. Paragraphs 56 and 57 consist of Plaintiff's characterization of that final determination, to which no response is required. To the extent a response is deemed required, Defendant avers that the final determination is the best evidence of its contents and respectfully refers this Court to the final determination for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent therewith.

58. Defendant admits that it has not provided a final determination about the information initially withheld as confidential business information.

## CLAIMS FOR RELIEF

### *Count 1: Agency Records Improperly Withheld in Response to EIP's First Request.*

59. Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

60–62. Paragraphs 60 through 62 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in these paragraphs.

63. Paragraph 63 consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has constructively exhausted its administrative remedies.

### *Count 2: Agency Records Improperly Withheld in Response to EIP's Second Request.*

64. Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

65–68. Paragraphs 65 through 67 consist of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in these paragraphs.

68. Paragraph 63 consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has constructively exhausted its administrative remedies.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## First Defense

The information that Plaintiff seeks in its requests is exempt or excluded from disclosure in whole or in part under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

## Second Defense

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

## Third Defense

Plaintiff is neither eligible for nor entitled to attorney's costs or fees in this action.

**Fourth Defense**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**Fifth Defense**

Plaintiff's FOIA request fails to reasonably describe the records sought.

**Sixth Defense**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**Seventh Defense**

Defendant is not in violation of FOIA.

Dated: February 13, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:       */s/ Brian J. Levy*
     BRIAN J. LEVY
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-6734

*Attorneys for the United States of America*